IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| SAMMY BAKER, | ) | Civil Action No.: 8:06-cv-3204-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAPTAIN J.D. DELLINGER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the court with the Report and Recommendation [Docket Entry #6] of Magistrate Judge Bruce Howe Hendricks.[1]

Plaintiff, proceeding *pro se*, is incarcerated at the Sumter-Lee Regional Detention Center. Plaintiff brings this action under 28 U.S.C. § 1983 seeking monetary damages and the dismissal of the pending state charges for which he is currently incarcerated.

The Magistrate Judge recommended that the Plaintiff's complaint be dismissed without prejudice and without issuance and service of process for failure to state a claim upon which relief may be granted. On December 13, 2006, the Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

### Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to Magistrate Judge Bruce Howe Hendricks for pretrial handling.

objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

According to the complaint, Plaintiff is being held and charged with two counts of murder. The record before this court indicates that these charges are still pending. Plaintiff alleges that his current incarceration is in violation of the 4th and 14th Amendments to the Constitution because the warrants issued for his arrest were issued without probable cause. The Magistrate Judge recommended that the complaint be dismissed because the criminal charges pending against the Plaintiff have not been successfully challenged as required by *Heck v. Humphrey*, 512 U.S. 477 (1994). Additionally, based on *Younger v. Harris*, 401 U.S. 37 (1971), and the authorities and reasons set forth by the Magistrate Judge, the matter should be dismissed without prejudice.

Having reviewed the record and applicable law, the court agrees with the Report and Recommendation of the Magistrate Judge. Plaintiff's objections are non-specific[2] and without

---

[2] Plaintiff completely fails to address the fact that before he can bring a § 1983 action based on an alleged illegal detention, he must first mount a successful challenge to the basis for his detention. *See Heck*, 512 U.S. at 486-87; *Snodderly v. R.U.F.F.*, 239 F.3d

merit.

## Conclusion

For the reasons stated above and by the Magistrate Judge, this Court overrules Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. Accordingly, Plaintiff's [Docket Entry #1] complaint is **DISMISSED WITHOUT PREJUDICE** and without requiring issuance and service of process. Plaintiff's [Docket Entry #7] motion to produce documents is hereby rendered **MOOT**.

**IT IS SO ORDERED**.

April 30, 2007                                                                               s/ R. Bryan Harwell
Florence, South Carolina                                                          R. Bryan Harwell
                                                                                                    United States District Judge

---

892 (7th Cir. 2001); *Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999); *Covington v. City of N.Y.*, 171 F.3d 117 (2d Cir. 1999); *Smith v. Holtz*, 87 F.3d 108 (3d Cir. 1996) (a claim challenging the validity of a future conviction raises the same concerns as a claim challenging the legality of a conviction and, as a result, "does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist"); *Hamilton v. Lyons*, 74 F.3d 99 (5th Cir. 1996).

3